IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRANDON SCOTT FORD, )
 )
 Plaintiff, )
 )
 v. ) Civil Action No. 15-335-J
 )
 )
CAROLYN W. COLVIN )
COMMISSIONER OF SOCIAL SECURITY, )
 )
 Defendant. )

O R D E R

AND NOW, this 14th day of September, 2017, upon consideration of Defendant's Motion for Summary Judgment (Doc. No. 26), filed in the above-captioned matter on March 13, 2017,

IT IS HEREBY ORDERED that said Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (Doc. No. 24), filed in the above-captioned matter on February 5, 2017,

IT IS HEREBY ORDERED that said Motion is GRANTED IN PART and DENIED IN PART. Specifically, Plaintiff's Motion is granted to the extent that it seeks remand to the Commissioner of Social Security ("Commissioner") for further evaluation as set forth below, and denied in all other respects. Accordingly, this matter is hereby remanded to the Commissioner for further evaluation under sentence four of 42 U.S.C. § 405(g) in light of this Order.

**I. Background**

On July 31, 2012, Brandon Scott Ford protectively filed a claim for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 et seq.

Specifically, Plaintiff claimed that he became disabled on November 11, 2005, due to PTSD, depression, bipolar, substance abuse, self-harm issues, suicidal tendencies, ADHD, schizophrenia, and anxiety. (R. 206).

After being denied initially on May 10, 2013, Plaintiff sought, and obtained, a hearing on February 18, 2014, before an Administrative Law Judge ("ALJ"). (R. 58-94). In a decision dated July 21, 2014, the ALJ denied Plaintiff's request for benefits. (R. 25-57). The Appeals Council declined to review the ALJ's decision on October 16, 2015. (R. 1-7). Plaintiff filed a timely appeal with this Court, and the parties have filed cross-motions for summary judgment.

## II. **Standard of Review**

Judicial review of a social security case is based upon the pleadings and the transcript of the record. See 42 U.S.C. § 405(g). The scope of review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact. See Matthews v. Apfel, 239 F.3d 589, 592 (3d Cir. 2001) (noting that "'[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive'" (quoting 42 U.S.C. § 405(g))); Schaudeck v. Comm'r of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999) (stating that the court has plenary review of all legal issues, and reviews the administrative law judge's findings of fact to determine whether they are supported by substantial evidence).

"Substantial evidence" is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate'" to support a conclusion. Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (quoting Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995)). However, a "'single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence.'"

Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983)). "'Nor is evidence substantial if it is overwhelmed by other evidence—particularly certain types of evidence (e.g., that offered by treating physicians)—or if it really constitutes not evidence but mere conclusion.'" Id.

A disability is established when the claimant can demonstrate "some 'medically determinable basis for an impairment that prevents him [or her] from engaging in any substantial gainful activity for a statutory twelve-month period.'" Fargnoli v. Massanari, 247 F.3d 34, 38-39 (3d Cir. 2001) (quoting Plummer, 186 F.3d at 427 (internal citation omitted)). "A claimant is considered unable to engage in any substantial gainful activity 'only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .'" Id. at 39 (quoting 42 U.S.C. § 423(d)(2)(A)).

The Social Security Administration has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability as defined by the Act. See 20 C.F.R. § 416.920. In Step One, the Commissioner must determine whether the claimant is currently engaging in substantial gainful activity. See 20 C.F.R. § 416.920(a)(4)(i). If so, the disability claim will be denied. See Bowen v. Yuckert, 482 U.S. 137, 140 (1987). If not, the second step of the process is to determine whether the claimant is suffering from a severe impairment. See 20 C.F.R. § 416.920(a)(4)(ii). "An impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 416.922(a). If the claimant fails to show that his or her impairments are "severe," he or she is ineligible for disability

benefits. If the claimant does have a severe impairment, however, the Commissioner must proceed to Step Three and determine whether the claimant's impairment meets or equals the criteria for a listed impairment. See 20 C.F.R. § 416.920(a)(4)(iii). If a claimant meets a listing, a finding of disability is automatically directed. If the claimant does not meet a listing, the analysis proceeds to Steps Four and Five.

Step Four requires the ALJ to consider whether the claimant retains the residual functional capacity ("RFC") to perform his or her past relevant work, see 20 C.F.R. § 416.920(a)(4)(iv), and the claimant bears the burden of demonstrating an inability to return to this past relevant work, see Adorno v. Shalala, 40 F.3d 43, 46 (3d Cir. 1994). If the claimant is unable to resume his or her former occupation, the evaluation then moves to the fifth and final step.

At this stage, the burden of production shifts to the Commissioner, who must demonstrate that the claimant is capable of performing other available work in the national economy in order to deny a claim of disability. See 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the ALJ should consider the claimant's RFC, age, education, and past work experience. See id. The ALJ must further analyze the cumulative effect of all the claimant's impairments in determining whether he or she is capable of performing work and is not disabled. See 20 C.F.R. § 416.923.

### III. The ALJ's Decision

In the present case, the ALJ found that Plaintiff had not been engaged in substantial gainful activity since July 31, 2012. (R. 30). The ALJ also found that Plaintiff met the second requirement of the process insofar as he had certain severe impairments, particularly, traumatic brain injury, seizure disorder, tremors, headache, bipolar disorder, ADHD, polysubstance abuse,

4

cognitive disorder NOS, major depressive disorder, panic disorder without agoraphobia, anxiety, acute stress, skull fracture and subdural hematoma, PTSD, and alcohol dependence. (R. 30). The ALJ concluded that Plaintiff's impairments did not meet any of the listings that would satisfy Step Three. (R. 30).

The ALJ next found that Plaintiff retained the RFC to perform light work, except that he can stand and walk for 2 to 4 hours a day, can sit for 6 hours a day, can push and pull frequently with the upper extremities bilaterally, can frequently push and pull with the right lower extremity, needs a job that can be performed from either a seated or standing position, cannot balance or climb ladders, ropes, or scaffolds, can occasionally climb ramps and stairs, can frequently use the right hand for handling (use of whole hand to seize, hold, grasp and turn), can frequently use the right hand for fingering (use of fingers to pick, pinch, etc.), can have no exposure to vibration and hazardous conditions of unprotected heights, dangerous machinery, or uneven surfaces, can have no job where drugs/alcohol are manufactured or served, or where he is exposed to drugs/alcohol, is limited to simple, routine tasks involving no more than simple, short instructions and simple work-related decisions with few workplace changes (unskilled work), can have no work at production-rate pace or fast-pace/assembly line, can have no interaction with the public, can have occasional interaction with supervisors and co-workers, can have no jobs requiring reading instruction or writing reports, and can have no jobs requiring math calculations (teller or cashier). (R. 31-48). At Step Four, the ALJ found that Plaintiff has no past relevant work, so he moved on to Step Five. (R. 48). The ALJ then used a vocational expert ("VE") to determine whether or not a significant number of jobs existed in the national economy that Plaintiff could perform. The VE testified that, based on Plaintiff's age, education, work experience, and RFC, Plaintiff could perform jobs that exist in significant numbers in the

national economy, such as garment sorter, folder, and fruit cutter. (R. 48-49, 87-90). Accordingly, the ALJ found that Plaintiff was not disabled. (R. 49).

## IV. Legal Analysis

Plaintiff raises several arguments as to why he believes that the ALJ erred in finding him to be not disabled. While the Court does not fully agree with the arguments set forth by Plaintiff, it does agree that remand is warranted in this case. Plaintiff argues, in part, that his RFC is not supported by substantial evidence because the ALJ did not properly consider the opinion of consultative examining psychologist Wayne R. D'Agaro, Psy.D. More specifically, Plaintiff contends that the ALJ did not provide an adequate explanation for his evaluation of Dr. D'Agaro's opinion, to which he gave "minimal weight" in making his RFC determination. (R. 47-48). The Court finds that, because the ALJ failed to address properly the opinion of Dr. D'Agaro, the Court cannot find that the ALJ's formulation of Plaintiff's RFC is supported by substantial evidence. Accordingly, the Court will remand the case for further consideration.

RFC is defined as "'that which an individual is still able to do despite the limitations caused by his or her impairment(s).'" Fargnoli, 247 F.3d at 40 (quoting Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 121 (3d Cir. 2000)); see also 20 C.F.R. § 416.945(a)(1). Not only must an ALJ consider all relevant evidence in determining an individual's RFC, the RFC finding "must 'be accompanied by a clear and satisfactory explication of the basis on which it rests.'" Fargnoli, 247 F.3d at 41 (quoting Cotter v. Harris, 642 F.2d 700, 704 (3d Cir. 1981)). "'[A]n examiner's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision.'" Id. (quoting Cotter, 642 F.2d at 705); see also SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996)

6

("The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations).").

In his discussion of the opinions expressed by Dr. D'Agaro, the ALJ noted that Dr. D'Agaro had indicated that Plaintiff could only perform work on a part-time basis, and that Plaintiff may need a job coach as he initiates a new job routine. (R. 47-48). The ALJ then explained that he afforded such opinions only minimal weight because they are inconsistent with Dr. D'Agaro's "findings on mental status examination of the claimant, and his statement elsewhere in his report that any work the claimant did would have to consider his need to work at a slower pace, his inability to engage in heavy lifting or physical exertion, and his somewhat limited ability with upper extremity motor functioning that would preclude jobs like construction worker, welder, and heavy equipment operator." (R. 48).

First, the Court disagrees with the ALJ's statement that Dr. D'Agaro's findings on mental status examination of Plaintiff do not support the statements that he could only work part-time or that he may need a job coach. To the extent that the Court has been able to review the document at issue, Dr. D'Agaro's mental status findings appear to be indicative of some cognitive limitations, and thus are not necessarily inconsistent with the opinions he expressed. (R. 1668-72).[1] Moreover, the ALJ's comment that Dr. D'Agaro's opinions are inconsistent with his other findings—that any work Plaintiff did would need to take into consideration his need to work at a slower pace and his inability to engage in certain activities requiring greater physical exertion— is nonsensical. Clearly, Dr. D'Agaro's opinions that Plaintiff should consider employment only

---

[1] The Court notes that page 4 of Dr. D'Agaro's report may be missing from the record, since the report skips from page 3 to page 5, where the discussion appears to pick up in the middle of Dr. D'Agaro's analysis of his findings. (R. 1670-71).

on a part-time basis and that he may require a job coach do not contradict findings such as these. (R. 1671-72). These explanations by the ALJ are, quite simply, inappropriate justifications for rejecting Dr. D'Agaro's opinions.

Additionally, the ALJ justifies his rejection of Dr. D'Agaro's opinions by stating that they are also not supported by other evidence in the record, including the treatment records and findings of some of Plaintiff's other doctors. (R. 48). In making this assertion, the ALJ does not, however, make reference to any records in particular. Considering the large volume of the record in this case, the ALJ's general statements are not sufficient to direct the Court to specific evidence in support thereof. Since the ALJ did not provide further explanation as to the particular evidence he relied upon in reaching his conclusions regarding Dr. D'Agaro's opinions—nor is it clear how Dr. D'Agaro's other findings are inconsistent with his opinions that Plaintiff can only perform only part-time work or that Plaintiff may need a job coach—the ALJ's decision lacks adequate discussion and clarity to explain his findings in this regard. Thus, the Court finds that the ALJ's RFC analysis is simply insufficient to permit meaningful review.

Accordingly, in this case, without providing an adequate explanation of his reasons for rejecting the limitations at issue in Dr. D'Agaro's opinion, it is not clear to the Court whether the ALJ's decision in this regard was based on substantial evidence. While the ALJ was certainly not required simply to adopt all of the findings of Dr. D'Agaro, he was required to explain adequately his basis for rejecting them if he chose to do so. Thus, the ALJ's comments concerning the limitations contained in Dr. D'Agaro's opinion do not allow the Court to determine the basis for his decision to give "minimal weight" to that opinion. Remand is therefore required to allow for further discussion regarding the ALJ's rationale for rejecting the

limitations found by Dr. D'Agaro, including Plaintiff's ability to work only part-time and his potential need for a job coach.

Additionally, the ALJ should, of course, ensure that proper weight be accorded to the various other opinions and medical evidence presented in the record, and he should verify that his conclusions concerning Plaintiff's RFC are adequately explained, in order to eliminate the need for any future remand. Indeed, the Court expresses no opinion as to whether the ALJ's RFC determination regarding Plaintiff's impairments could, in fact, be supported by the record. It is, instead, the need for further explanation that mandates the remand on this issue.

## V. Conclusion

In short, the record simply does not permit the Court to determine whether the ALJ's determination of Plaintiff's RFC is supported by substantial evidence, and, accordingly, the Court finds that substantial evidence does not support the ALJ's decision in this case. The Court hereby remands this case to the ALJ for reconsideration consistent with this Order.

s/ Alan N. Bloch
United States District Judge

ecf: Counsel of record